FILED
U.S. DISTRICT COURT
MIDDLE GEORGIA

2007 APR 25 PM 3:43

[signature]
DEPUTY CLERK

EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

IGGESUND TOOLS AB, and
IGGESUND TOOLS, INC.,

    Plaintiffs,

v.

KEY KNIFE, INC.,

    Defendant.

Civil Action No.:
5:07-cv-00063 (WDO)

## ORDER

Before the Court is Plaintiffs' and Defendant's Joint Motion to Transfer Venue. In their Motion, Plaintiffs and Defendants argue that this case should be transferred to the United States District Court for the Northern District of Georgia, Atlanta Division. Specifically, the parties observe that, under 28 U.S.C. § 1404(a), this Court may transfer venue to any other district or division where it might have been brought, "[f]or the convenience of parties and witnesses, in the interest of justice[.]"

Plaintiffs were unaware of Defendant's presence in the Northern District of Georgia at the time that they filed the Complaint, and Plaintiffs state they would have filed in the Northern District in the first instance had they known of such presence. Both parties are amenable to a transfer to the Northern District, which they view as a reasonable compromise of their venue dispute and as providing travel efficiencies getting in and out of the Atlanta airport.

On April 16, 2007, Defendant filed a Motion to Transfer Venue to the District of Oregon, Portland Division, contending that this patent case could have been brought in the proposed transferee district, and the convenience of the parties, the convenience of the witnesses, and the

interests of justice weigh in favor of such a transfer. Also on April 16, Defendant filed a motion for expedited consideration of its motion to transfer requesting that this Court defer consideration of Plaintiffs' preliminary injunction motion (and any other motions) until venue is determined. The parties agreed to exchange limited expedited discovery on the question of venue, and agreed that Plaintiffs' response to the Defendant's motion to transfer venue would be due on April 30, 2007.

In the Joint Motion to Transfer Venue that is currently before the Court, the parties note that this lawsuit could have been brought in the Northern District of Georgia, Atlanta Division, which has subject matter jurisdiction over this patent case pursuant to 28 U.S.C. §§ 1331 and 1338. In addition, the parties agree that venue is proper in the Northern District pursuant to 28 U.S.C. § 1391 and 1400(b), because personal jurisdiction over Defendant exists and Defendant has a sales representative based in Villa Rica, Georgia,w hich is located within the Northern District. Additionally, the parties note that Plaintiffs' Georgia counsel and Defendant's lead trial counsel are located in Atlanta, Georgia.

Finally,t he parties have agreed and represented to this Court that if it transfers this case to the Northern District of Georgia,A tlanta Division, then jurisdiction and venue would be proper in such district and further that no party afterward shall again seek to dismiss or to transfer this lawsuit on the basis of jurisdiction or venue.

Based on the foregoing reasons, this Court finds that a transfer to the Northern District of Georgia, Atlanta Division, is warranted. The parties' joint Motion to Transfer is therefore GRANTED.

Signed on this 25th day of April, 2007.

*Wilbur L. Owens, Jr.*
WILBUR D. OWENS, JR.
SENIOR U.S. DISTRICT JUDGE